IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-66-D

MICHAEL W. ALLEN, et al.,            )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )         ORDER
                                      )
ASTRAZENECA PHARMACEUTICALS           )
LP, et al.,                           )
                                      )
            Defendants.               )

On February 17, 2015, Michael W. Allen and Erin M. Allen ("plaintiffs") sued AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca PLC, McKesson Corporation, and "DOES 1-50" in New Hanover County Superior Court. See [D.E. 1-2].[1] On April 6, 2015, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and McKesson Corporation (collectively, "defendants") timely

---

[1] Although the state-court complaint and this court's docket reflect that AstraZeneca PLC and "DOES 1-50" are named defendants, AstraZeneca PLC and the "DOE" defendants were not served with the state-court complaint. See Notice of Removal [D.E. 1] ¶ 5. Because AstraZeneca PLC and "DOES 1-50" were not served with the state-court complaint, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and McKesson Corporation did not need AstraZeneca PLC or the "DOES" to join in the removal petition. See, e.g., Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 & n.4 (E.D. Va. 1992); Mason v. Int'l Bus. Machs., Inc., 543 F. Supp. 444, 446 & n.1 (M.D.N.C. 1982).

"Once a case has been removed from state court, the federal court applies the Federal Rules of Civil Procedure and the case is treated as though it were originally commenced in federal court." Motsinger v. Flynt, 119 F.R.D. 373, 376–77 (M.D.N.C. 1988). Thus, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiffs had 120 days from the date of removal (April 6, 2015) to serve AstraZeneca PLC and the "DOE" defendants. See Fed. R. Civ. P. 4(m); Kahle v. APP Pharm., LLC, No. 5:09CV78, 2010 WL 2521420, at *1 n.4 (N.D. W. Va. June 21, 2010) (unpublished); Gee v. Lucky Realty Homes, Inc., 210 F. Supp. 2d 732, 736 (D. Md. 2002); Motsinger, 119 F.R.D. at 377. This 120-day window closed on August 4, 2015. Thus, the court formally notifies plaintiffs pursuant to Rule 4(m) that if plaintiffs fail to serve AstraZeneca PLC or the "DOE" defendants before September 30, 2015, AstraZeneca PLC and the "DOE" defendants will be dismissed as defendants without further order of the court.

removed the action to this court. See [D.E. 1]; 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C). On April 13, 2015, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as time barred by the applicable statutes of limitations [D.E. 9]. On May 4, 2015, plaintiffs responded in opposition [D.E. 12, 13]. As explained below, the court grants defendants' motion and dismisses the complaint as time barred.

I.

Plaintiffs seek damages concerning plaintiff Michael Allen's use of Crestor, a prescription drug. Compl. [D.E. 1-2] ¶ 2. Defendants "were in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including CRESTOR." Id. ¶13; see id. ¶¶ 9, 14, 16–17, 28.

Plaintiff Michael Allen's physicians prescribed him Crestor to lower his cholesterol, and plaintiff Michael Allen took the drug as prescribed. Id. ¶¶ 2, 15, 24. After taking Crestor, plaintiff Michael Allen "was diagnosed with Diabetes Mellitus Type II, necrotic pancreatitis, and muscle damage." Id. ¶ 2. Crestor has "been linked to such serious side effects as cardiomyopathy, heart attacks, sudden cardiac death, rhabdomyolysis (muscle deterioration), kidney and liver damage, and diabetes." Id. ¶ 15. Plaintiffs allege that "within three (3) years of the date of the filing of this Complaint, Plaintiff [Michael Allen] discovered and it became reasonably apparent to him, that [his] medical conditions were caused by, and that he had sustained bodily injury from, the ingestion of CRESTOR." Id. ¶ 2.

Plaintiffs claim that defendants "negligently, recklessly and wantonly failed to warn Plaintiff [Michael Allen] and the general public, of the risks associated with taking CRESTOR," id. ¶ 25, and assert seven claims: (1) strict liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment/equitable estoppel; and (7) loss of

2

consortium. Id. ¶¶ 37–77. Plaintiffs seek compensatory and punitive damages. Id. 17.[2]

This is not the first case plaintiffs have brought against defendants regarding plaintiff Michael Allen's use of Crestor. On July 19, 2011, in a substantially similar complaint, plaintiffs filed suit in San Francisco County Superior Court. See S.F. Compl. [D.E. 9-3]. The San Francisco complaint asserts the same seven causes of action against the same defendants and claims the same injuries. See id. ¶¶ 2, 39–75; see also Pls.' Resp. Mot. Dismiss [D.E. 13] 4 (plaintiffs noting that the instant complaint is "nearly identical" to the San Francisco complaint and that "[t]he causes of action and requests for relief [in the two complaints] are identical, and are alleged as against identical defendants"). In stark contrast to the instant complaint, however, the San Francisco complaint specifically alleges that plaintiff Michael Allen was diagnosed with his injuries on October 12, 2008. S.F. Compl. [D.E. 9-3] ¶ 2.

On September 30, 2011, the San Francisco County Superior Court granted a defense motion to stay the case based on forum non conveniens. See [D.E. 9-5]. The San Francisco court stayed the case "pending final resolution of a case filed in North Carolina." Id. 2. In granting the motion, the court noted that "[t]he stay may be lifted upon a determination that either the defendants are not subject to jurisdiction in North Carolina or that the claims are time barred." Id.

On February 17, 2015, more than three and a half years after filing the San Francisco action and nearly three and a half years after the San Francisco court granted the forum non conveniens motion, plaintiffs filed suit in New Hanover County Superior Court [D.E. 1-2].

---

[2] Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Notice of Removal [D.E. 1] 4–13; see also 28 U.S.C. § 1332(a); Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199–200 (4th Cir. 2008).

3

II.

An affirmative defense based on the statute of limitations may properly be raised under Federal Rule of Civil Procedure 12(b)(6) rather than Rule 8(c) if all facts necessary to the affirmative defense "clearly appear[] on the face of the complaint." Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Moreover, in considering a motion to dismiss for failure to state a claim, the court may take judicial notice of public records. See, e.g., Tellabs Inc. v. Makor Issues & Rights Ltd., 551 U.S. 308, 322 (2007); Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).

The public records associated with this case establish that this action is barred by the applicable statute of limitations. Under North Carolina law, each of the asserted claims carries a three-year statute of limitations. See N.C. Gen. Stat § 1-52(1) (setting a three-year limitations period for liability "arising out of a contract, express or implied"); N.C. Gen. Stat § 1-52(5) (setting a three-year limitations period "for any other injury to the person or rights of another"); N.C. Gen. Stat § 1-52(9) (setting a three-year limitations period for fraud, running from the date the aggrieved party discovers "the facts constituting the fraud or mistake"); N.C. Gen. Stat. 1-52(16) (setting a three-year limitations period "for personal injury," running from the date the "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs."). Plaintiffs' claims accrued no later than July 19, 2011, the date plaintiffs filed a nearly identical suit in San Francisco. See S.F. Compl. [D.E. 9-3] ¶ 2 (alleging that "on October 12, 2008, within three years of the date of filing this Complaint" plaintiff was diagnosed with his injuries

4

"and/or discovered that such diagnosis was caused by [him] having ingested CRESTOR"). Yet, plaintiffs did not file suit in North Carolina until February 17, 2015. Even if the court were to toll the applicable statute of limitations during the pendency of the San Francisco proceedings, plaintiffs also waited more than three years after the San Francisco court granted the forum non conveniens motion to refile the suit in a North Carolina court.[3] Thus, the applicable statute of limitations bars the action.

In opposition to this conclusion, plaintiffs argue that this action is timely because they timely filed suit in San Francisco. See Pls.' Resp. Mot. Dismiss [D.E. 13] 4–6. Essentially, plaintiffs argue that because the San Francisco court stayed the action rather than dismissing it and because California courts "have held it is an abuse of discretion to dismiss an action based on forum non conveniens without requiring defendants to waive any statute of limitations defenses not available to them in California," the defendants "should be barred from raising this statute of limitations defense as they invoked California's forum non conveniens law which effectively precludes such a defense." Id. 5–6 (emphasis omitted). As the United States District Court for the Eastern District of Kentucky aptly noted in a related case raising the same argument, this position "is nonsensical." Parker v. AstraZeneca Pharm. LP, No. 2:14-CV-205-WOB-CJS, 2015 WL 625964, at *1 (E.D. Ky. Feb. 12, 2015) (unpublished). Here, the San Francisco court did not dismiss the action and did not require defendants to waive any limitations defenses. See [D.E. 9-5]. Moreover, the San Francisco

---

[3] Importantly, plaintiffs could have timely filed this action in a North Carolina court after the San Francisco court granted the forum non conveniens motion, but chose to sleep on their rights. Even if a North Carolina court construed the claims' accrual date as October 12, 2008, the date plaintiffs originally claimed that Michael Allen was either diagnosed with his injuries "and/or discovered" that his injuries were caused by Crestor, S.F. Compl. [D.E. 9-3] ¶ 2, plaintiffs would have had 12 days to timely refile the action in a North Carolina court. Instead, plaintiffs took nearly three and a half years to submit a virtually identical complaint.

5

court's order on the forum non conveniens motion specifically contemplated that the parties could return to the San Francisco court if there was a determination by a North Carolina court that the "claims are time barred." Id. 2.

Plaintiffs waited more than three years after their causes of action accrued to file suit in North Carolina. Thus, the applicable statute of limitations bars plaintiffs' claims. If plaintiffs attempt to resume proceedings in San Francisco, this court expresses no opinion on whether the San Francisco court should lift its stay or on the underlying merits of the suit.

### III.

In sum, AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and McKesson Corporation's motion to dismiss is GRANTED [D.E. 9]. If plaintiffs fail to serve AstraZeneca PLC or the "DOE" defendants before September 30, 2015, AstraZeneca PLC and the "DOE" defendants shall be dismissed as defendants without further order of the court.

SO ORDERED. This 11 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge